```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
KEOMA NESTOR,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :     **MEMORANDUM DECISION**
              - against -                                   :     **AND ORDER**
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :     19-cv-580 (BMC)
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

      1.      Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled for the purpose of receiving disability insurance benefits. For the reasons stated below, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

      2.      Plaintiff had a right ankle fracture in 1997; was in a car accident in 2012; and pulled his back attempting to lift a package in 2015. Since these accidents, plaintiff claims that he has experienced pain in his neck, back, and right ankle, among other areas. However, the ALJ found that plaintiff has the residual functional capacity to perform a full range of sedentary work.

      3.      Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's findings to ensure that they are supported by "substantial evidence," i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). Here, substantial evidence supports the Commissioner's findings.

4. Plaintiff claims that the ALJ erred by giving "great weight" to the opinion of consultative examiner Dr. Benjamin Kropsky. Dr. Kropsky's opinion included the following statement:

> MEDICAL SOURCE STATEMENT: The claimant has a moderate limitation with heavy lifting and carrying secondary to the back pain. The claimant has a mild to moderate limitation with prolonged walking and climbing stairs related to the back pain, knee pain, and right ankle pain. The claimant is able to do light housework and activities of daily living independently.

5. Plaintiff contends that Dr. Kropsky's opinion was insufficient to support the ALJ's findings because Dr. Kropsky used "vague terms … such as... mild, moderate, and marked" to describe plaintiff's limitations. However, the use of terms like "mild" and "moderate" does not automatically render a physician's opinion too vague to constitute part of the "substantial evidence" that supports an ALJ's findings, particularly when the physician's opinion includes "additional clarifying information" (<u>e.g.</u>, "'mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting" and "[h]er headache may interfere with her daily routine"). <u>Tankisi v. Comm'r of Soc. Sec.</u>, 521 F. App'x 29, 34 (2d Cir. 2013) (internal quotation marks and alterations omitted). The above-quoted statement includes sufficient additional clarifying information for the ALJ to rely on Dr. Kropsky's opinion here.

6. Plaintiff's argument to the contrary relies on an analogy between the above-quoted statement and a statement that the Second Circuit described as "remarkably vague" in <u>Selian v. Astrue</u>, 708 F.3d 409, 421 (2d Cir. 2013). In <u>Selian</u>, the Second Circuit found that a physician's opinion that plaintiff "'should be able to lift ... objects of a mild degree of weight on an intermittent basis'" was too vague "to support the ALJ's finding that [plaintiff] could lift 20 pounds occasionally and 10 pounds frequently" when plaintiff "testified that he could not carry

even a gallon of milk." Id. Here, Dr. Kropsky's opinion was not only more descriptive than the opinion in Selian but also was consistent with plaintiff's testimony, including testimony that he rode a mountain bike half a mile each day to visit his grandmother even after the accidents at issue.

7.  Plaintiff also claims that Dr. Kropsky failed to include – and the ALJ failed to account for – limitations on plaintiff's ability to balance, kneel, crouch, or move his neck. However, Social Security Ruling 96-9P provides that "[p]ostural limitations or restrictions related to such activities as … balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96-9P does not specifically address neck movement restrictions, but there is no reason to believe that such restrictions would prevent plaintiff from being able to perform the occupations the vocational expert testified would be appropriate for plaintiff: table worker, touch-up inspector, and surveillance system monitor.

8.  Further, plaintiff contends that the ALJ failed to give adequate weight to treating physician Dr. Lyubov Moysik's opinion. Dr. Moysik opined that plaintiff: can frequently lift or carry up to 6-10 pounds; can only walk or stand for one to two hours a day; can only sit for one to two hours a day; can occasionally bend; cannot stoop, crouch, kneel, balance, or climb; and needs to lie down during the day. The ALJ gave little weight to Dr. Moysik's opinion because it was inconsistent with the record as a whole and in particular was inconsistent with plaintiff's testimony that he was able to ride his mountain bike for half a mile daily after the accidents at issue here.

9.  When an ALJ determines the weight to assign a treating physician, "the ALJ must decide whether the opinion is entitled to controlling weight" and "if the ALJ decides the opinion

3

is not entitled to controlling weight, it must determine how much weight, if any, to give it." Estrella v. Berryhill, 925 F.3d 90, 95 (2d Cir. 2019). In determining how much weight to give the opinion of a controlling physician, the ALJ must consider: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Id. at 95-96 (internal quotation marks and alterations omitted).

10. Although the ALJ did not explicitly consider all of the applicable factors, "the record otherwise provides good reasons for assigning little weight" to Dr. Moysik's opinion. Id. (internal quotation marks omitted). See also Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013) ("[Courts] require no … slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear."). Dr. Moysik's opinion was not only inconsistent with plaintiff's testimony about riding a bike daily, but also evidence that plaintiff: walked; used public transportation; cooked six days a week; cleaned the house; went shopping; socialized; and showered, bathed, and dressed by himself.

11. Finally, plaintiff seeks a remand because he claims the ALJ presiding over his case was an inferior officer but was not properly appointed under Article II, Section 2, Clause 2 of the United States Constitution (the "Appointments Clause"). The Appointments Clause provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

12. The Supreme Court "has held that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." Lucia v. S.E.C., 138 S. Ct. 2044, 2055 (2018) (internal quotation marks omitted). But "Appointments Clause claims, and other structural constitutional claims, have no special

entitlement to review." Freytag v. Comm'r, 501 U.S. 868, 893 (1991) (Scalia, J., concurring in part). "A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial." Id. at 893-94.

13. Thus, a Social Security claimant who fails to raise an Appointments Clause challenge to an ALJ's appointment at the administrative level waives this challenge. See Bonilla-Bukhari v. Berryhill, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases). Because plaintiff failed to bring his Appointments Clause challenge at the administrative level, plaintiff waived this challenge.

14. Plaintiff's [12] motion for judgment on the pleadings is denied and defendant's [17] motion for judgment on the pleadings is granted. The Clerk shall enter judgment, dismissing this case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
October 3, 2019